DAVID J. HEALEY (admitted *pro hac vice*)
Email: david.healey@weil.com
ANITA E. KADALA (admitted *pro hac vice*)
Email: anita.kadala@weil.com
WEIL, GOTSHAL & MANGES LLP
Houston Office
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

YEN P. NGUYEN (Bar No. 239095)
Email: titi.nguyen@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG SEMICONDUCTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC.,

Defendants.

Case No. C07 02416 RMW

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG SEMICONDUCTOR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS' COMPLAINT**

Honorable Ronald M. Whyte

Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively "Defendants") respectfully submit this Answer and these Affirmative Defenses to Plaintiff Alberta Telecommunications Centre d/b/a/ TR Labs' Complaint in correspondingly numbered paragraphs as follows and further state that anything in Plaintiff's Complaint that is not expressly admitted is hereby denied:

**I.**

**ANSWER**

**BACKGROUND**

**TR LABS**

1. Defendants admit, upon information and belief, that a principal place of business of TR Labs is 9107 116th Street, Edmonton, Alberta, Canada T6G 2V4. Except as so admitted, Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 1 of the Complaint and, on that basis, deny the allegations.

2. Defendants lack sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint and, on that basis, deny the allegations.

**The TR Labs Patent In Suit**

3. Defendants admit that U.S. Patent No. 5,361,277 ("the '277 Patent") is titled "Method and apparatus for clock distribution and for distributed clock synchronization" and was attached to the Complaint. Except as so admitted, Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 3 of the Complaint and, on that basis, deny the allegations.

4. Defendants admit that Dr. Wayne Grover is listed as the sole named inventor on the '277 Patent. Defendants otherwise lack sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and, on that basis, deny the allegations.

5. Defendants admit that the '277 Patent purports to have been issued on November 1, 1994, that the '277 Patent purports to have been based upon an application filed on March 30, 1989, and that the '277 Patent purports to claim priority from a Canadian patent application filed on April 27, 1988. Defendants admit that the Canadian patent application to

which the ’277 Patent claims priority purports to have been issued on May 19, 1992, as Canadian Patent No. 1,301,261. Except as so admitted, Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 5 of the Complaint and, on that basis, deny the allegations.

6. Defendants admit that the ’277 Patent is cited as prior art in U.S. Patent No. 6,229,368 (issued May 8, 2001), which has been assigned to Samsung Electronics Co., Ltd. Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 6 of the Complaint and, on that basis, deny the allegations.

7. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and, on that basis, deny the allegations.

**Dr. Wayne Grover**

8. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and, on that basis, deny the allegations.

9. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and, on that basis, deny the allegations.

10. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and, on that basis, deny the allegations.

**The Prosecution of The TR Labs Patent**

11. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and, on that basis, deny the allegations.

12. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and, on that basis, deny the allegations.

13. Defendants do not have sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and, on that basis, deny the allegations.

**The Defendants**

14. Defendants admit that Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of Korea, with a principal place of business at 250, 2-ka, Taepyung-Ro, Chung-Ku, Seoul, South Korea, 100-742.

15. Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit that Samsung Electronics Co., Ltd. and Rambus are parties to the "Semiconductor Technology License Agreement Between Samsung Electronics Co., Ltd. And Rambus Inc." (effective November 7, 1994), "Addendum No. 1 To Semiconductor Technology License Agreement" (signed in 1997), and "Addendum No. 2 To Semiconductor Technology License Agreement" (signed in 2000), which granted Samsung Electronics Co., Ltd. a license to certain Rambus intellectual property rights. Defendants further admit that they make and sell RDRAMs. Defendants otherwise deny the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants admit that they sell and offer to sell their RDRAMs and products containing RDRAMs in this Judicial District. Except as so admitted, Defendants otherwise deny the allegations set forth in Paragraph 17 of the Complaint.

**Jurisdiction, Venue and Intradistrict Assignment**

18. Defendants admit that this Court has subject matter jurisdiction over actions arising under the Patent Laws of the United Sates, 35 U.S.C. § 1 *et seq.* based on 28 U.S.C. § 1338. Defendants deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

**COUNT I – DENIAL OF PATENT INFRINGEMENT**

21. Defendants incorporate by reference their responses to paragraphs 1-20 above in response to the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admit that a claim chart was attached as Exhibit B to the Complaint. Defendants otherwise deny the allegations in Paragraph 22 of the Complaint, including specifically any allegations of infringement.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

**RESPONSE TO TR LABS' PRAYER FOR RELIEF**

25. Defendants deny that TR Labs is entitled to be awarded any of the relief sought in its prayer for relief against the Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or concert with the Defendants. Defendants have not directly or indirectly infringed the '277 Patent. TR Labs is not entitled to recover damages, an accounting, injunctive relief, costs, fees, disbursements, interest, attorneys' fees, or any other type of recovery from the Defendants. TR Labs' prayer should, therefore, be denied in its entirety and with prejudice, and TR Labs should therefore take nothing. Defendants ask that judgment be entered for the Defendants and that this action be found to be an exceptional case entitling the Defendants to be awarded attorneys' fees in defending against TR Labs' Complaint, together with such other and further relief the Court deems appropriate.

## II.

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

26. The Complaint fails to state a claim upon which relief can be granted because Defendants have not performed any act or thing, and are not proposing to perform any act or thing, in violation of any rights validly belonging to TR Labs.

**SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT**

27. Defendants do not infringe, directly or indirectly, and have not infringed, directly or indirectly, any valid claims of the '277 Patent.

**THIRD AFFIRMATIVE DEFENSE – PATENT INVALIDITY**

28. Based on its present asserted claims, the '277 Patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE – MARKING**

29. TR Labs' claims for relief and prayer for damages are barred, in whole or in part, by 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE – TIME LIMITATION ON DAMAGES**

30. TR Labs' claims for relief and prayer for damages are barred, in whole or in part, by 35 U.S.C. § 286.

**FIFTH AFFIRMATIVE DEFENSE – LACHES**

31. On information and belief, TR Labs' claims for relief are barred in whole or in part by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE – NO ENTITLEMENT TO INJUNCTIVE RELIEF**

32. TR Labs is not entitled to injunctive relief because Defendants have not infringed and are not infringing the '277 Patent and the '277 Patent is not valid. Further, any purported injury to TR Labs is not immediate or irreparable, and TR Labs would have an adequate remedy at law. Moreover, the public interest and the balance of hardships disfavors an injunction under the circumstances here.

**SEVENTH AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL**

33. TR Labs is estopped from construing the claims of the '277 Patent in such a way as may cover any of Defendants' products or processes by reasons of statements made to the United States Patent and Trademark ("USPTO") during the prosecution of the application that led to the issuance of the '277 Patent.

**EIGHT AFFIRMATIVE DEFENSE -- ESTOPPEL**

34. On information and belief, the '277 Patent is unenforceable by reason of estoppel.

35. Defendants reserve the right to assert any other basis for invalidity or unenforceability that discovery may reveal.

**RELIEF REQUESTED**

WHEREFORE, Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc.

pray for relief as follows:

A. For entry of an Order that Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. do not infringe the ’277 Patent;

B. For entry of an Order that the ’277 Patent is invalid;

C. For entry of an Order preventing Alberta Telecommunications Research Centre d/b/a TR Labs and each of its officers, employees, agents, alter egos, attorneys and any person in active concert or participation with them from representing that Samsung Electronics Co., Ltd.’s and Samsung Semiconductor, Inc.’s products or services, or the use therefore, infringe the ’277 Patent;

D. That Alberta Telecommunications Research Centre d/b/a TR Labs be required to pay Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. all of their costs of suit, including Samsung Electronics Co., Ltd.’s and Samsung Semiconductor, Inc.’s attorneys’ fees pursuant to 35 U.S.C. § 285; and

E. For any and all such relief as this Court may deem just and proper.

Dated: July 13, 2007

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By /s/ Yen Nguyen

David J. Healey
Anita E. Kadala
WEIL, GOTSHAL & MANGES LLP
Houston, TX 77002

Yen P. Nguyen
WEIL, GOTSHAL & MANGES LLP
Redwood Shores, CA 94065

Attorneys for Defendants SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 13, 2007

WEIL, GOTSHAL & MANGES LLP

By /s/ Yen Nguyen

David J. Healey
Anita E. Kadala
WEIL, GOTSHAL & MANGES LLP
Houston, TX 77002
Yen P. Nguyen
WEIL, GOTSHAL & MANGES LLP
Redwood Shores, CA 94065
Attorneys for Defendants SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC.

**CERTIFICATE OF SERVICE**

    This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 13th day of July, 2007.

                              /s/  Elizabeth Morse

                              Elizabeth Morse