**[APPEARANCES LISTED ON SIGNATURE PAGES]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, <br><br> Plaintiff, <br><br> v. <br><br> RAMBUS INC., <br><br> Defendant. | Case No. C06 02595 RMW <br><br> **FOURTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC., <br><br> Defendants. | Case No. C07 02416 RMW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Date:  August 10, 2007 <br> Time:  10:30 a.m. <br> Place:  Courtroom 6 <br> Hon. Ronald M. Whyte |

Pursuant to Civil Local Rule 16-9(a) and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Alberta Telecommunications Research Centre d/b/a TR Labs ("TR Labs"), Defendant in Civil Action No. C06 02595 RMW ("the 595 Case") Rambus Inc. ("Rambus"), and Defendants in Civil Action No. C07 02416 RMW ("the 416 Case") Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively "Samsung") submit this Joint Case Management Statement and Proposed Order.  For the convenience of the Court, the following Joint Case Management Statement sets forth the parties' relevant information for both the 595 Case and the 416 Case.

## DESCRIPTION OF THE CASES

### 1.   Jurisdiction and Service

This Court has subject matter jurisdiction over each of these patent cases under 28 U.S.C. § 1338.  There are no issues that exist regarding personal jurisdiction or venue and no parties remain to be served in either proceeding.

### 2-3.   Principal Factual and Legal Issues in Dispute

**The 595 Case**

The 595 Case is an action for patent interference and infringement, and unjust enrichment brought by TR Labs against defendant Rambus.  The TR Labs patent-in-suit is U.S. Patent No. 5,361,277 ("the '277 patent").  The Rambus patent-in-suit is U.S. Patent No. 5,954,804 ("the '804 patent).

TR Labs and Rambus dispute whether TR Labs has stated a claim for interference with respect to the '804 patent.  TR Labs and Rambus dispute whether the named inventor of the '277 patent, Dr. Grover, was the first to invent the subject matter of the '804 patent.  TR Labs and Rambus dispute the proper scope of the claims of the '804 patent, and whether the '277 patent interferes with the '804 patent.  TR Labs and Rambus further dispute whether Rambus infringes, directly or indirectly, the asserted claims of the '277 patent, as properly construed.  TR Labs and Rambus dispute the validity or enforceability of such claims, as properly construed.  Rambus further disputes TR Labs' claim that Rambus has been unjustly enriched in any respect and

whether TR Labs has a claim for unjust enrichment. TR Labs acknowledges that its unjust enrichment claim will be dismissed in the event its interference claim is dismissed pursuant to Rambus's pending motion to dismiss TR Labs' amended complaint. There is also a dispute between TR Labs and Rambus as to whether TR Labs is entitled to any damages or any other remedy, or the appropriate amount of damages and other remedies to which TR Labs would be entitled in the event that it prevails on any of its asserted claims.

### The 416 Case

TR Labs brought an action claiming that Samsung infringes the '277 patent by making, using, selling, offering for sale, and importing into the United States products that incorporate RDRAM. The claims in the '277 patent that have been asserted are claims 1-6, 11, 12, 27, 28, and 37-39 (collectively "Asserted Claims"). Samsung has filed its answer and asserted affirmative defenses.

TR Labs and Samsung dispute whether the '277 patent is infringed. TR Labs and Samsung also dispute whether the Asserted Claims in the '277 patent are valid and whether TR Labs' claims are barred by laches, estoppel, and 35 U.S.C. §§ 286 (time limitation on damages), 287 (marking). In addition, TR Labs and Samsung dispute whether TR Labs is entitled to damages and/or injunctive relief, and whether any party is entitled to an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285. Furthermore, TR Labs and Samsung dispute the proper scope of the Asserted Claims.

### 4. Motions

### The 595 Case

As of the date of this Joint Case Management Statement, the Court had not issued its final ruling on Rambus's motion to dismiss TR Labs' interference and unjust enrichment claims in the amended complaint. However, the parties do not believe that the Court's final ruling on those issues will affect the dates set forth herein.

### The 416 Case

There are no prior or pending motions.

### 5. Amendment of Pleadings

**The 595 Case**

Upon issuance of the Court's final order on Rambus's pending motion to dismiss TR Labs' amended complaint, Rambus shall have twenty days to file and serve its answer and any affirmative defenses or counterclaims. In the event TR Labs is given further leave to amend, TR Labs shall have twenty days from the issuance of the order to file and serve its second amended complaint, and Rambus shall have twenty days thereafter to file and serve its response thereto.

TR Labs may join additional Rambus licensees as direct infringers of the '277 patent. TR Labs expects that such joinder, if any, will occur on or before September 30, 2007. Rambus's position is that such deadline has already expired based on the deadlines that have already passed pursuant to the Third Supplemental Joint Case Management Statement and that any further joinder requires a formal motion and leave of Court to do so.

**The 416 Case**

TR Labs and Samsung have not discussed the whether or the extent to which parties, claims, or defenses are expected to be added or dismissed. TR Labs and Samsung have not discussed a proposed deadline for amending the pleadings.

### 6. Evidence Preservation

TR Labs has taken the following steps to preserve evidence relevant to the issues reasonably evident in each of the 595 Case and the 416 Case: Prior to the commencement of each of the 595 Case and the 416 Case, counsel for TR Labs gathered, and is currently in possession of, all of the relevant files.

Rambus has taken the following steps to preserve evidence relevant to the issues reasonably evident in the 595 Case: Rambus has circulated a preservation notice to relevant personnel to preserve documents, including paper documents, electronic files, and e-mails, in addition to existing litigation holds.

Samsung has taken the following steps to preserve evidence relevant to the issues

reasonably evident in the 416 Case: Samsung circulated a preservation notice mandating that employees preserve documents, including paper documents, electronic files, and e-mails.

**7.    Disclosures**

**The 595 Case**

TR Labs and Rambus have served their initial disclosures.

**The 416 Case**

Each of TR Labs and Samsung has served its initial disclosures.

**8.    Discovery**

**A.    Discovery Issues**

**The 595 Case**

Discovery permitted pursuant to the Court's Order filed June 27, 2007, has been conducted. TR Labs and Rambus have previously agreed that the discovery limitations contained in the Federal Rules of Civil Procedure shall govern this litigation and that previously propounded discovery shall count toward these limits. TR Labs and Rambus anticipate that they will need discovery on the matters described in sections 2-3, *supra*, for the 595 Case. TR Labs has represented that it will not need discovery related to claim construction.

**The 416 Case**

Discovery has not commenced. TR Labs and Samsung propose that the discovery limitations set forth in the Federal Rules of Civil Procedure govern the 416 Case. Each of TR Labs and Samsung anticipates that it will need discovery on the matters described in sections 2-3, *supra*, for the 416 Case.

**B.    Claim Construction**

The parties do not contemplate the need for live testimony at the hearing on claim construction in either the 595 Case or the 416 Case. The parties do not contemplate the need for discovery on the issue of claim construction in the 416 Case. Rambus may conduct discovery relating to claim construction in the 595 Case. TR Labs has represented that it will not need to conduct any discovery relating to claim construction in the 595 Case.

The parties agree that, in both the 595 Case and the 416 Case, TR Labs shall present first at the claim construction hearing, and Rambus and Samsung will present thereafter in their respective cases. The parties shall be allowed brief rebuttal presentations, should they choose to make such presentations. The parties do not contemplate that the claim construction hearing in either case will last longer than one day.

### C.    Case Management Schedule

The parties' proposals regarding a case management schedule up to the claim construction hearing are set forth below. Samsung and Rambus note that while they are agreeing to the same schedule through claim construction, they do not agree to consolidation of the 595 Case and the 416 Case. Although not required under the Patent Local Rules, Samsung and Rambus have also proposed dates for summary judgment motions dependent on claim construction based on the Court's procedural preference.

| **Case Event** | **TR Labs' Proposed Dates** | **Rambus's Proposed Dates** | **Samsung's Proposed Dates** |
|---|---|---|---|
| TR Labs Preliminary Infringement Contentions Against Samsung | Served upon Rambus on February 28, 2007, and upon Samsung on July 30, 2007 | N/A | August 31, 2007 |
| Rambus's Preliminary Invalidity Contentions | September 13, 2007 Patent L.R. 3-3 | October 26, 2007 | N/A |
| Samsung's Preliminary Invalidity Contentions | September 13, 2007 Patent L.R. 3-3 | N/A | October 31, 2007 |
| Exchange Proposed Terms and Claim Elements for Construction | These events to be governed by Patent Local Rules 3 and 4 | November 9, 2007 | November 16, 2007 |
| Exchange Preliminary Claim Constructions | | December 7, 2007 | December 7, 2007 |
| Joint Claim Construction and Prehearing Statement | | March 7, 2008 | March 7, 2008 |
| Opening Claim Construction Briefs | | April 4, 2008 | April 4, 2008 |
| Responsive Claim Construction Briefs | | April 18, 2008 | April 18, 2008 |
| Reply Claim Construction Briefs | | May 2, 2008 | May 2, 2008 |
| Summary Judgment Motions Dependent on Claim Construction | These events are not part of the Patent Local Rules. Accordingly, TR Labs objects to the | April 11, 2008 | April 11, 2008 |
| Opposition to Summary Judgment Motions | | April 25, 2008 | April 25, 2008 |

| Event | Comment | | | |
|---|---|---|---|---|
| ...Dependent on Claim Construction | insertion of these events into the procedural schedule. TR Labs does not object to any party's right to timely submit a motion for summary judgment in accordance with the Federal Rules of Civil Procedure | | | |
| Reply for Summary Judgment Motions Dependent on Claim Construction | | May 9, 2008 | May 9, 2008 | |
| Hearing on Claim Construction and Summary Judgment Motions Dependent on Claim Construction | | May 1, 2008 | May 30, 2008 | May 30, 2008 |

**TR Labs' Proposed Dates**

TR Labs' proposed schedule is based upon the Northern District of California's Patent Local Rules. As an accommodation, TR Labs' proposed schedule does take into account the trial between Rambus and Samsung that is scheduled to forward at the beginning of next year. Accordingly, TR Labs has proposed a claim construction hearing in May 2008. However, TR Labs is of the position that the remainder of the claim construction activities can be completed before the serious preparation for that trial commences. In short, TR Labs is of the position that its right to proceed to trial in the instant matters should not be prejudiced by the fact that the named defendants are currently in litigation against one another.

**Dates Proposed by Samsung and Rambus**

Samsung's dates are proposed in consultation with Rambus and in light of other litigation involving Samsung and Rambus before this Court. In addition to Case No. C06 02595 RMW and Case No. C07 02416 RMW, this Court currently has before it *Hynix Semiconductor, Inc. et al. v. Rambus Inc.*, Case No. C00 20905 RMW, *Rambus Inc. v. Hynix Semiconductor, Inc. et al.*, Case No. C05 00334 RMW, *Rambus Inc. v. Samsung Electronics Co., Ltd. et al.*, Case No. C05 02298 RMW, and *Rambus Inc. v. Micron Technology, Inc.*, Case No. C06 00244 RMW (collectively "Rambus/Samsung litigations"). According to the Joint Case Management Order dated April 24, 2007, and Further Case Management Order dated June 27, 2007, the dates for the

Rambus/Samsung litigations are as follows:

| | |
|---|---|
| August 17, 2007 | Rebuttal expert disclosures due |
| August 24, 2007 | Claim construction briefs due |
| September 14, 2007 | Responsive claim construction briefs due |
| September 17, 2007 | Last day for expert discovery |
| September 28, 2007 | Reply claim construction briefs due |
| October 1, 2007 | Last day to file summary judgment and Daubert motions |
| October 5, 2007 | Last day to file summary judgment motions dependent on claim construction |
| November 2, 2007 | Opposition to summary judgment motions dependent on claim construction |
| November 16, 2007 | Reply for summary judgment motions dependent on claim construction |
| December 13-14, 2007 | Pretrial conference |
| December 15, 2007 | Last day for patent expert discovery |
| January 22, 2008 | Trial |
| March 25-26, 2007 | Claim Construction Hearing |

In addition, the trial for the Rambus/Samsung litigations, currently set for January 22, 2008, is expected to last 5 weeks and, thus, would extend throughout February 2008.

As a result of the litigations listed above, the resources of this Court, Samsung, Samsung's counsel, Rambus, and Rambus's counsel will be dedicated now through March 2008 as shown by the table. In addition, this Court has scheduled a claim construction hearing in the Rambus/Samsung litigations at the end of March 2008. Thus, to reconcile the schedule in the 595 Case and the 416 Case with those previously pending litigations, Samsung and Rambus have proposed the aforementioned schedules. Samsung and Rambus will not, without great difficulty, be able to begin the claim-construction process in the 595 Case or the 416 Case until after trial in the Rambus/Samsung litigations. Consequently, Samsung and Rambus have proposed that the Joint Claim Construction Statements in the 595 Case and the 416 Case be filed in March 2008, which allows for the claim construction hearings to take place at the end of May 2008, subject to the Court's calendar, with the attendant briefing deadlines in between as set forth above.

Thus, Samsung and Rambus believe that their above-proposed case schedules are the most feasible yet expeditious given the existing deadlines already set in the Rambus/Samsung litigations.

### 9. Class Actions

This is not a class action suit.

**10. Related Case**

On June 26, 2007, *Alberta Telecommunications Research Centre d/b/a TR Labs v. Samsung Electronics Co., Ltd. and Samsung Semiconductor Inc.*, Case No. C0702416 RMW was related to *Alberta Telecommunications Research Centre d/b/a TR Labs v. Rambus Inc.*, Case No. C06 02595 RMW.

**11. Relief**

**The 595 Case**

TR Labs seeks an order assigning the claims of the Rambus '804 patent to TR Labs, disgorgement to TR Labs of Rambus's profits from its royalty revenues derived from licensing the '804 patent, damages of no less than a reasonable royalty, treble damages for willful infringement, prejudgment interest, attorneys fees pursuant to 35 U.S.C. § 285, injunctive relief, and whatever additional relief the Court finds just and equitable.

Rambus denies that TR Labs has any viable claim for which it would be entitled to any relief, monetary or otherwise. Rambus seeks relief that the law and facts show that Rambus is entitled to receive, including but not limited to reasonable attorneys fees and costs.

**The 416 Case**

TR Labs seeks damages no less than a reasonable royalty, prejudgment interest, attorneys fees pursuant to 35 U.S.C. § 285, injunctive relief, and whatever additional relief the Court finds just and equitable.

Samsung denies that TR Labs has any viable claim for which it would be entitled to any relief, monetary or otherwise. Samsung seeks any and all that relief to which Samsung is entitled under the the law and facts of the 416 Case.

**12. Settlement and ADR**

**The 595 Case**

The parties have filed a Stipulation and Proposed Order Selecting an ADR process: mediation. The mediation between TR Labs and Rambus occurred on August 1 and 2, 2007.

**The 416 Case**

The parties have filed a Stipulation and Proposed Order Selecting an ADR process: mediation. TR Labs and Samsung agree to hold the ADR session by July 17, 2008.

### 13. Consent to Magistrate Judge For All Purposes

In neither the 595 Case nor the 416 case have the parties consented to having a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

### 14. Other References

The parties believe that neither the 595 Case nor the 416 Case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

**The 595 Case**

Rambus believes that upon issuance of the final order on Rambus's motion to dismiss TR Labs' amended complaint, issues may be further narrowed by summary judgment dependent on claim construction.

**The 416 Case**

TR Labs and Samsung believe it is premature to determine whether issues can be narrowed by agreement or by motion.

### 16. Expedited Schedule

The parties do not believe that either the 595 Case or the 416 Case can be handled on an expedited basis with streamlined procedures.

### 17. Scheduling

In accordance with the Court's directive at the June 7, 2007 case management conference in the 595 Case, the parties do not yet propose dates for events occurring after the claim construction hearings, and consequently, the parties do not propose dates for designation of experts, discovery cutoff, last day for filing hearing of dispositive motions not dependent on claim construction, pretrial conference, or trial.

### 18. Trial

Both the 595 Case and the 416 Case will be tried to a jury.

TR Labs and Rambus expect the length of trial for each of the 595 Case and the 416 Case to be 5 days.

Samsung expects the length of trial for the 416 Case to be 5-7 days.

**19.    Disclosure of Interested Entities of Persons**

Pursuant to Civil L.R. 3-16, TR Labs states that no such interest is known other than that of the named parties to each of the 595 Case and the 416 Case.  TR Labs has filed the "Certification of Interested Entities or Persons".

Rambus has filed the "Certification of Interested Entities or Persons" pursuant to Civil Local Rule 3-16.

Samsung has filed the "Certification of Interested Entities of Persons" required by Civil Local Rule 3-16.  For Samsung, pursuant to Civil Local 3-16, other than the named parties, there is no such interest to report.

Dated:  August 3, 2007

BERNARD H. CHAO (Bar No. 148352)
Email:  bchao@chsblaw.com
FREDERICK F. HADIDI (Bar No. 160681)
Email:  fred@chsblaw.com
CHAO, HADIDI, STARK & BARKER LLP
770 Menlo Avenue, Suite 205
Menlo Park, CA 94025
Telephone: (650) 325-0220
Facsimile:  (650) 332-1800

GEORGE C. SUMMERFIELD
Email:  gstadlaw@aol.com
JOSEPH A. GREAR (admitted *pro hac vice*)
Email:  jstadlaw@aol.com
KEITH A. VOGT (admitted *pro hac vice*)
Email: keithvogt@aol.com
STEVEN R. PEDERSEN (admitted *pro hac vice*)
STADHEIM & GREAR, LTD.
400 North Michigan Avenue, Suite 2200
Chicago, IL 60611
Telephone:  (312) 755-4400
Facsimile:  (312) 755-4408

Attorneys for Plaintiff
ALBERTA TELECOMMUNICATIONS
RESEARCH CENTRE d/b/a TR LABS

Dated: _____

HENRY C. BUNSOW (Bar No. 06707)
Email:  bunsowh@howrey.com
JEANNINE YOO SANO (Bar No. 174190)
Email:  sanoj@howrey.com
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone:  (650) 798-3636
Facsimile:  (650) 798-3600

CONO A. CARRANO (admitted *pro hac vice*)
Email:  carranoc@howrey.com
BRIAN A. ROSENTHAL (admitted *pro hac vice*)
Email:  rosenthalb@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue NW
Washington DC  20004-2420
Telephone:  (202) 383-7416
Facsimile:  (202) 383-6610

Attorneys for Defendant
RAMBUS INC.

Dated: _____

DAVID J. HEALEY (admitted *pro hac vice*)
Email:  david.healey@weil.com
ANITA E. KADALA (admitted *pro hac vice*)
Email:  anita.kadala@weil.com
WEIL, GOTSHAL & MANGES LLP
Houston Office
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

YEN P. NGUYEN (Bar No. 239095)
E-Mail:  titi.nguyen@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG SEMICONDUCTOR, INC.

1
2   Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding
3   signatures, I attest under penalty of perjury that concurrence in the filing of the document has
    been obtained from Yen Nguyen and Jeannine Sano .
4
    Dated:  August 3, 2007
5
    _____
    Bernard H. Chao
6   Counsel for Plaintiff
    Alberta Telecommunications Research Centre
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS,<br><br>            Plaintiff,<br><br>      v.<br><br>RAMBUS INC.,<br><br>            Defendant. | Case No. C06 02595 RMW<br><br>**[PROPOSED] CASE MANAGEMENT STATEMENT ORDER**<br><br><br><br>Honorable Ronald M. Whyte |
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC.,<br><br>            Defendants. | Case No. C07 02416 RMW |

The Court hereby adopts the case management schedule proposed by _____. And modified dates are set forth below:

The Court adopts the discovery limits set forth in the Fourth Supplemental Joint Case Management Statement/Joint Case Management Statement.

IT IS SO ORDERED.

Dated: _____           _____
                                                               Hon. Ronald M. Whyte
                                                               United States District Court Judge

Joint CMC Statement
DOCSOPEN #275769                                   14                                  Case No. C07 02416 RMW