1    **[APPEARANCES LISTED ON SIGNATURE PAGES]**

2

3

4                                                    *E-FILED 12/12/07*

5

6

7

8

9

10

11

12

13                          UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

15

16   ALBERTA TELECOMMUNICATIONS              Case No. C07 02416 RMW
     RESEARCH CENTRE d/b/a TR LABS,
17                                           **[PROPOSED] PROTECTIVE ORDER**
                   Plaintiff,
18
            v.
19
     SAMSUNG ELECTRONICS CO., LTD. and
20   SAMSUNG SEMICONDUCTOR, INC.,

21                 Defendants.               Honorable Ronald M. Whyte

22

23          Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED:

24      **STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF
                            CONFIDENTIAL INFORMATION**
25

26          Plaintiff Alberta Telecommunications Research Centre d/b/a TR Labs ("TR Labs") and

27   Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively

28   "Samsung") are all engaged in proprietary and confidential activities, and each of the Parties

could be prejudiced if confidential or sensitive commercial, financial, business, or personal information pertaining to such party were disclosed publicly.

## PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a comprehensive means for limiting access to, and the handling, use, and disclosure of, documents, testimony, information, physical objects, and other information produced, served, exchanged, or filed in this action.

Any unauthorized use or disclosure of documents, testimony, information, and/or physical objects in violation of this Protective Order shall be subject to discipline by the contempt powers of this Court.

To the fullest extent possible, any Disclosing Party shall narrowly tailor any request to designate as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" any documents, testimony, information, and physical objects produced in this action.

## SCOPE

The terms of this Protective Order shall apply solely to the proceedings in this action. Nothing herein shall prohibit any party from seeking any appropriate additional protective order to govern proceedings during trial or on appeal.

## DEFINITIONS

For purposes of this Protective Order, the following definitions shall apply:

1.     The term "Party" or "Parties" shall include the following entities:

(a)     Alberta Telecommunications Research Centre d/b/a TR Labs ("TR Labs"); and

(b)     Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively, "Samsung").

2.     The terms "DOCUMENT," "TESTIMONY," "INFORMATION" and "PHYSICAL OBJECTS" shall include without limitation any records, exhibits, reports, samples transcripts, video or audio recordings, affidavits, briefs, extracts, summaries, compilations, notes, abstracts,

drawings, company records and reports, answers to interrogatories, responses to requests for admissions, motions, pleadings, documents, electronically stored information, schematics, copies or computer-stored versions of, or other material derived in whole or in part from, the foregoing.

3.     The term "DISCLOSING PARTY" is defined herein as any Party or third party who is requested to produce, produces, or has produced documents, testimony, information or physical objects in connection with this action.

4.     The term "RECEIVING PARTY" is defined herein as any Party who requests, receives, or has received documents, testimony, information or physical objects in connection with this action.

5.     The term "CONFIDENTIAL" shall refer to any documents, testimony, information or physical objects (or portion thereof) produced, served, exchanged, or filed by a Disclosing Party that has been designated as "CONFIDENTIAL" pursuant to this Protective Order.

6.     The terms "SPECIAL CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" shall refer to any documents, testimony, information or physical objects (or portion thereof) produced, served, exchanged, or filed by a Disclosing Party that has been designated as "SPECIAL CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

7.     The term "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall refer to any documents, testimony, information or physical objects (or portion thereof) produced, served exchanged, or filed by a Disclosing Party that has been designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to this Protective Order.

8.     "OUTSIDE SERVICE ORGANIZATION" is defined herein as an individual or organization that provides photocopying, document processing, translation, graphics, or jury or trial consulting services to counsel.

9.     "SUPPORT STAFF" is defined herein as employees of counsel for the Parties, including paralegals, clerical personnel and secretarial personnel.

**INFORMATION ENTITLED TO PROTECTION AS "CONFIDENTIAL" UNDER THIS**

**PROTECTIVE ORDER**

10.     Any Disclosing Party may designate as "CONFIDENTIAL" any document, information, testimony, or physical object (or portion thereof) that it produces, serves, exchanges, or files in connection with this action if such Disclosing Party reasonably and in good faith believes such document, testimony, information or physical object (or portion thereof) constitutes or contains information that is non-public and contains commercially or personally sensitive or proprietary information.

**INFORMATION ENTITLED TO PROTECTION AS "SPECIAL CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" UNDER THIS PROTECTIVE ORDER**

11.     Any Disclosing Party may designate as "SPECIAL CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any document, testimony, information or physical object (or portion thereof) that it produces, serves, exchanges, or files in connection with this action if such Disclosing Party reasonably and in good faith believes such document, testimony, information or physical object (or portion thereof) constitutes or contains confidential commercially-sensitive information, that if disclosed to a competitor, would likely be misappropriated for its economic value or utilized to obtain unfair competitive advantage.

**INFORMATION ENTITLED TO PROTECTION AS "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" UNDER THIS PROTECTIVE ORDER**

12.     Any Disclosing Party may designate as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" documents, testimony, information or physical object (or portion thereof) that it produces, serves, exchanges, or files in connection with this action if such Disclosing Party reasonably and in good faith believes such document, testimony, information or physical object (or portion thereof) (1) constitutes or contains confidential information so commercially sensitive that access to the information must be limited to outside counsel only and that the protections afforded by the "Special Confidential / Highly Confidential" category are insufficient to adequately protect the interests of the Disclosing Party and (2) comprises:

(a)     license agreements and licensing discussions, meetings, or negotiations;

(b)    schematics;

(c)    detailed technical design, testing, or manufacturing information;

(d)    detailed sales, royalty, and/or pricing information dated, created, or revised after December 31, 2001;

(e)    detailed cost of manufacturing, profit, market share and/or margin information dated, created, or revised after December 31, 2001; and/or

(f)    other documents, testimony, information, or physical objects (or portions thereof) so designated by court order, upon stipulation of the Producing and Receiving Parties or upon noticed motion for good cause shown, pursuant to this Protective Order.

### PROCEDURE FOR DESIGNATING MATERIALS AS "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," AND "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

13.    A Disclosing Party producing, serving exchanging, or filing any document, testimony, information or physical object (or portion thereof) it regards as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall designate such document, testimony, information or physical object (or portion thereof) in accordance with this paragraph.

(a)    Any Disclosing Party may designate as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" without seeking or obtaining a court order any documents, testimony, information, or physical objects that the Disclosing Party believes in good faith fall within the specified categories of Paragraph 12 of this Protective Order.

(b)    Any Disclosing Party may bring a motion under Rule 26 of the Federal Rules of Procedure to seek a court order designating as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" any other document, testimony, information, or physical object (or portion thereof) that it produces, serves, exchanges, or files in connection with this action if such Disclosing Party reasonably and in good faith believes such document, testimony, information or physical object (or portion thereof) is so commercially sensitive that access to the information much be limited to outside counsel only.  If, at the time of disclosure,

the Disclosing Party advises that it intends to bring a motion to have the information restricted to outside counsel or other relief, the Receiving Party shall treat the documents as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pending resolution of the motion.  Prior to filing its motion, the Disclosing Party shall make reasonable attempts to meet-and-confer with the Receiving Party or Parties regarding the redesignation of documents.  Only if the motion is granted may a document, testimony, information, or physical object (or portion thereof) be marked as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

(c)      With respect to documents, correspondence, discovery responses, or other writings (excluding court filings), the Disclosing Party producing, serving, exchanging, or filing same shall contemporaneously mark or stamp each page thereof "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as the case may be.  In order to facilitate inspection of documents or things in response to discovery requests, a Disclosing Party may elect to permit inspection of original documents or things without affixing a confidentiality stamp or mark thereof, and by doing so does not waive the right to make such designation at the time copies are produced to the Party/Parties requesting production thereof.  The documents and things will be treated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the copies are designated.

(d)      With respect to deposition testimony, the witness (or his/her counsel) or any party shall either state on the record during the course of the deposition, or within 30 days of service of the transcript by the Court Reporter, that the testimony or any portion thereof is designated "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as the case may be.  The deposition officer shall place that legend on each page of such designated testimony and shall bind same separately from any non-designated portions of the deposition transcript.  No person shall be present during portions of the deposition

designated as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY

CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" unless such

person is authorized under the terms of this Protective Order to receive such material, or

unless the Disclosing Party consents to such person being present.

(e)    With respect to any physical object or material, the Disclosing Party

producing, serving, exchanging, or otherwise providing the same shall contemporaneously

advise all other Parties that the particular physical object or material is designated

"CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or

"CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as the case may be.  Within ten

business days, the Disclosing Party shall provide written notice of the confidentiality

designation of the object or material to the Receiving Party or Parties.

## REQUESTS FOR SEALING

14.    With respect to court filings, any party or third party seeking to file under seal

documents, testimony, information, or physical object (or portion thereof) that has been

designated "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL"

or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall comply with Civil L.R. 7-11 and

79-5.

## TERMINATION OF DESIGNATION

15.    Notwithstanding any other provision of this Protective Order to the contrary, and

without prejudice to a party's attempt to reclaim documents placed in the public domain without

the party's consent, the confidentiality obligations of this Protective Order shall, by subsequent

written agreement of the Parties or by order following a noticed motion by the party or third party

seeking redesignation, be found not to apply any "CONFIDENTIAL," "SPECIAL

CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" document, testimony, information or physical object (or portion thereof) that:

(a)    at the time of disclosure hereunder, was already in the public domain, by

publication or otherwise, in the same or substantially similar form;

(b)    since the time of disclosure hereunder, has become (through no violation of this Protective Order on the part of the Receiving Party/Parties) part of the public domain, by publication or otherwise, in the same or substantially similar form;

(c)    at or since the time of disclosure hereunder, was in the possession of the Receiving Party/Parties who acquired same lawfully and under no obligation of confidentiality;

(d)    at or since the disclosure hereunder, was independently developed by the Receiving Party/Parties; or

(e)    the Disclosing Party agrees to redesignate or otherwise exclude from the protections of this Protective Order.

**PERMITTED USES AND DISSEMINATION OF INFORMATION DESIGNATED "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/ "HIGHLY CONFIDENTIAL," OR "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"**

16.    Nothing in this Protective Order shall in any way restrict the use or dissemination by a Disclosing Party of its own "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information or physical object (or portion thereof).

17.    Absent further agreement of the affected Parties or order of the Court, any "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information or physical object (or portion thereof) produced, deemed produced, served, exchanged, or filed shall be used by the Receiving Party/Parties solely for purposes of this action.

18.    Any such "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information or physical object (or portion thereof) shall not be used for any business, patent prosecution or competitive purpose or function, and shall not be disclosed to anyone except as permitted by this Protective Order.

19.    All authorized recipients shall avoid copying of any "CONFIDENTIAL,"

"SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL –

OUTSIDE COUNSEL ONLY" document, testimony, information or physical object (or portion

thereof) except as reasonably necessary for the permitted purposes and uses of the information.

All authorized recipients shall maintain any "CONFIDENTIAL," "SPECIAL

CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE

COUNSEL ONLY" document, testimony, information or physical object (or portion thereof) in

secure facilities, and shall take reasonable steps to preclude dissemination thereof to persons who

are not authorized recipients.  Nothing herein shall prohibit the transmission or communication of

any "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or

"CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information or

physical object (or portion thereof) between or among authorized recipients thereof:

> (a)    by hand delivery;

> (b)    by face-to-face conference;

> (c)    in sealed envelopes or containers via the mails or an established freight,
> delivery or messenger service; or

> (d)    by telephone, telegram, facsimile, e-mail, or other electronic transmission
> system if, under the circumstances, there is no reasonable likelihood that the transmission
> will by intercepted or misused by any person who is not an authorized recipient thereof.

20.    "CONFIDENTIAL" documents, testimony, information or physical object (or

portion thereof) may be disclosed , given, shown, made available or otherwise communicated in

any way to only the following authorized recipients:

> (a)    the Court and court personnel, including hearing officers and court-
> sponsored mediators, evaluators, and arbitrators;

> (b)    court reporters and videographic operators taking and/or recording
> testimony involving such information, and necessary stenographic and clerical personnel
> thereof;

> (c)    outside counsel of record in this action, their Support Staff, and Outside

Service Organization retained by the attorneys of the parties to these actions;

(d)    independent (*i.e.*, not party-affiliated) experts and consultants specially retained by the Parties or their counsel to testify and/or assist them in this action, provided that:

(i)    no such expert shall be an officer, director, major shareholder (e.g., over 5% ownership), employee, representative, or agent of any Party or any entity engaged in direct competition with the Disclosing Party;

(ii)    each such independent expert or consultant shall have first completed and signed a Declaration in the form of Exhibit C hereto; and

(iii)    said Declaration shall be served upon all Parties five business days before the expert or consultant is granted access to any material under this Agreement, during those five business days, any Party may object or request additional information about the expert or consultant, if an objection is not resolved within five business days, the Party seeking to disclose information to the expert may file a motion with the Court seeking relief (and, for any such motion, the objecting party shall bear the burden of proof by the preponderance of the evidence);

(e)    any officer or employee of a Party, provided that he or she shall use the information only for permitted purposes in connection with this action and shall have first completed and signed a Declaration in the form of Exhibit A and the completed Declaration, together with a disclosure of the title, day-to-day duties, and role or responsibilities regarding this action of such officer or employee, shall be served to all Parties five business days before the officer or employee is authorized to receive "CONFIDENTIAL" documents, during those five business days, any Party may object or request additional information about the officer or employee; if an objection is not resolved within five business days, the Party seeking to disclose information to the officer or employee may file a motion with the Court seeking relief (and, for any such motion, the objecting party shall bear the burden of proof by the preponderance of the evidence);

(f)     persons who are reasonably and in good faith believed to have received or known the "CONFIDENTIAL" information in the ordinary course of events or business (*e.g.*, authors or addressees of documents and parties to conversations); and

(g)     any other person who may hereafter be authorized to receive such "CONFIDENTIAL" documents, testimony, information or physical objects (or portion thereof) either by written agreement of the affected parties and/or third parties, or by order of the Court, provide that each such person shall have first completed and signed a Declaration in the form of Exhibit A hereto and the completed Declaration shall be served to all Parties before the person is authorized to receive "CONFIDENTIAL" documents. The Parties' respective outside counsel of record shall retain the originals of all Declarations executed pursuant hereto, and (unless otherwise required to do so earlier) shall provide copies of same to all other parties promptly upon request by any Disclosing Party, entry of final judgment, settlement or other final disposition of these actions.

21.     "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" or documents, testimony, information or physical object (or portion thereof) may be disclosed, given, shown, made available or otherwise communicated in any way to only the following authorized recipients:

(a)     the individuals identified *supra* in Sections 20(a)-(d);

(b)     for each of TR Labs and Samsung no more than six (6) persons who are necessary to the supervision and/or conduct of the litigation in the in-house department(s) responsible for the conduct and/or oversight of the litigation, provided that each person shall have first completed and signed a Declaration in the form of Exhibit B hereto, and provided that said Declaration, together with a disclosure of the title, day-to-day duties, and role or responsibilities regarding this action of such officer or employee, shall be served upon all Parties five business days before such person(s) are granted access to any material under this Agreement, during those five business days, any Party may object or request additional information about the person(s); if an objection not resolved within five

business days, the Party seeking to disclose information to such person(s) may file a motion with the Court seeking relief (and, for any such motion, the objecting party shall bear the burden of proof by the preponderance of the evidence);

(c)    any other person who may hereafter be authorized to receive such "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" information either by written agreement of the affected Parties and/or third parties, or by order of the Court, provided that such person shall have first completed and signed a Declaration in the form of Exhibit B hereto.

The Parties' respective outside counsel of record shall retain the originals of all Declarations executed pursuant hereto, and (unless otherwise required to do so earlier) shall provide copies of same to all other Parties promptly upon request by any Disclosing Party, entry of final judgment, settlement or other final disposition of these actions.

22.    "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" documents, testimony, information or physical object (or portion thereof) may be disclosed, given, shown, made available or otherwise communicated in any way to only the following authorized recipients:

(a)    the individuals identified *supra* in Sections 20(a)-(d):

(b)    any other person who may hereafter be authorized to receive such "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information either by written agreement of the affected parties and/or third parties, or by order of the Court, provided that such person shall have first completed and signed a Declaration in the form of Exhibit C hereto.

The Parties' respective outside counsel of record shall retain the originals of all Declarations executed pursuant hereto, and (unless otherwise required to do so earlier) shall provide copies of same to all other parties promptly upon request by any Disclosing Party, entry of final judgment, settlement or other final disposition of these actions.

**INFORMATION HELD BY THIRD PARTIES CONSIDERED
CONFIDENTIAL TO THIRD PARTIES**

23.    The Parties are mindful of the fact that discovery in this case may require the disclosure of information held by the Parties under obligations of confidentiality owed to others. It is the Parties' judgment that in such circumstances, the Party holding such information is akin to a neutral stakeholder with respect to such information that is confidential to others, and should not obtain delay or tactical disadvantage, or impose unnecessary cost or burden, on the Party seeking discovery of such information.  Accordingly, except as provided below, the Partiers shall not withhold from production or disclosure any material or information responsive to a discovery request, subpoena, or deposition question on grounds of obligations of confidentiality owed to others.

24.    Where a discovery request or subpoena calls for otherwise discoverable information that is held by a Party under obligations of confidentiality owed to a third party, the party to whom the discovery request or subpoena is directed shall within a reasonable time but not less than ten business days after the response(s) to such discovery request or subpoena is due:

(a)    identify to the Party seeking the information the name and address of each third party whose confidentiality interests are implicated by the discovery request or subpoena; and

(b)    provide to each such third party whose confidentiality interests is implicated (i) notice of its intention to disclose materials or information held under obligations of confidentiality and (ii) a copy of this Protective Order.

25.    The Party to whom the discovery request or subpoena has been directed shall within a reasonable time, not less than twenty business days after giving notice to the third party, disclose in compliance with this Protective Order any responsive materials or information held under obligations of confidentiality to such third party unless such third party obtains or moves within that time for a protective order from this Court or another court of competent jurisdiction.

**USE AT DEPOSITIONS OF "CONFIDENTIAL," "SPECIAL CONFIDENTIAL" /
"HIGHLY CONFIDENTIAL," AND "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"
DOCUMENTS, TESTIMONY, INFORMATION OR PHYSICAL OBJECTS (OR**

**PORTION THEREOF)**

26.    A deposition witness may be shown documents, testimony, information, or physical objects (or portions thereof) designated as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" under the following conditions:

(a)    any witness may be shown a document, testimony, information or physical object (or portion thereof) in which the witness is identified as a signatory, author, addressee or recipient of a copy;

(b)    any witness may be shown a document, testimony, information or physical object (or portion thereof) if counsel reasonably and in good faith believe such witness saw the same or learned the information reflected therein in the ordinary course of events or business;

(c)    a current officer, director or employee of a Disclosing Party, or any other witness designated by the Disclosing Party to testify on its behalf, may be shown any document, testimony, information or physical object (or portion thereof) designated by that Disclosing Party as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY";

(d)    a former officer, director or employee of a Disclosing Party may be shown a document, testimony, information or physical object (or portion thereof) designated by that party as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if it appears from the face of the document, testimony, information or physical object (or portion thereof) that the witness previously had access to the same while employed by the Disclosing Party.  By showing its own "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information or physical object (or portion thereof) to a witness in the course of deposition in accordance with this paragraph, a

Disclosing Party will not be deemed either to have waived the "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" status of such document, testimony, information, or physical object (or portion thereof).

(e)    any witness may be shown a document, testimony, information, or physical object (or portion thereof) marked "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/ "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as set forth in the court order granting a motion seeking such designation.

## PARTIES UNDER OBLIGATION TO IMMEDIATELY DISCLOSE VIOLATIONS

27.    If any "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information, or physical object (or portion thereof) is used by or disclosed to any person other than in the manner authorized by this Protective Order, whether inadvertently or otherwise, the Party responsible for such violation shall immediately bring all pertinent facts relating to such violation to the attention of all interested parties and to the Court and, without prejudice to other rights and remedies on the part of the Disclosing Party, shall immediately make every effort to prevent further use or disclosure in violation of this Protective Order.

## INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

28.    Any inadvertent production of privileged or protected information shall not constitute a waiver of the attorney-client privilege and/or attorney work product protection.

29.    If a Disclosing Party learns that it has inadvertently produced a privileged document, it will notify each Receiving Party and request its return.  Each Receiving Party shall return all copies of the inadvertently produced information immediately following (a) discovery by each Receiving Party of an inadvertent production, or (b) receiving a written request from the Disclosing Party for return of the inadvertently produced information, whichever is earlier.

30.    Any Receiving Party, having returned any inadvertently produced information, may thereafter seek production of such information in accordance with the Federal Rules of Civil

Procedure.

## CHALLENGES TO DESIGNATIONS AND BURDEN

31.    If at any time during the pendency of these actions, counsel for any Party claims that any document, information, testimony, or physical object (or portion thereof) has been inappropriately designated by the Disclosing Party as "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," objecting counsel may provide a written statement of objection to this designation to all Parties and other affected persons, identifying with particularity the document, testimony, information, or physical object (or portion thereof) the Party claims has been improperly designated.  If the volume of documents identified by the objecting counsel would make review and redesignation within five business days unreasonably burdensome, the affected Parties will meet and confer in good faith to either narrow the scope of the request or agree on a schedule for the Disclosing Party to respond to the request or agree on a schedule for the Disclosing Party to respond to the request.  If and to the extent the Disclosing Party does not redesignate the material within five business days (or such other period agreed to between the objecting counsel and the Disclosing Party) after service of a written statement of objection to the designation, the objecting Party shall be deemed to have satisfied its meet and confer obligations and may thereafter file and serve a motion for an order that the material be redesignated.  Unless and until such motion is granted, the material at issue shall continue to be treated as originally designated.  In connection with any such motion, the Disclosing Party shall bear the burden of proof of demonstrating that the challenged designation is proper.  No delay in service of a written statement of objection to the designation or in the filing of a motion to redesignate material shall constitute or be argued to constitute acquiescence in the challenged designation.

## DISCOVERY OF INFORMATION EXCHANGED BETWEEN A PARTY AND ITS EXPERT

32.    The Parties shall not be entitled to discovery relating to communications, information, or documents exchanged between a Party and/or its outside counsel of record and its

experts, or to drafts of expert reports and the work product of the experts, except to the extent such communications, information, and/or documents are relied upon by the expert or form, to any degree, the basis of the expert's opinions. The Parties are not prohibited from questioning an expert regarding the materials and information considered by the expert in formulating his or her opinions.

## MISCELLANEOUS

33.     The Parties and the Court believe it is important that there be no unnecessary delays in discovery in this matter. In particular, the Parties and the Court wish to avoid as much as possible the often substantial delays, administrative burden to the Parties and the Court, and any impact on the discovery cut-off resulting from the need separately to address the confidentiality concerns of third parties to whom subpoenas will be directed. In framing this Order, the Court has considered the legitimate confidentiality concerns of all the Parties and of non-parties from whom documents or information has been or may be sought by subpoena or other discovery means, as well as the burden on the Court of administering and enforcing multiple protective orders. The Court finds that the terms of this Protective Order are adequate to protect the confidentiality of the types of information likely to be subject to discovery in this action, and should not be varied, whether for production from Parties or from non-parties, absent good cause shown.

34.     Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

35.     Upon termination of this action by settlement or final judgment including exhaustion of all appeals, the originals and all copies of "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" documents, testimony, information, or physical objects (or portion thereof)

shall be either turned over to the Disclosing Party or their litigation counsel within 60 days, or destroyed and a declaration to that effect provided to the Disclosing Party who produced each material, or to their respective counsel, within 60 days. However, outside counsel may retain pleadings, attorneys and consultant work product, deposition transcripts and deposition exhibits, and trial transcripts and trial exhibits for archival purposes.

36.    If any person or Party having possession, custody or control of any other Disclosing Party's "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" documents, testimony, information, or physical objects (or portion thereof) receives a subpoena, request for production of documents, or other judicial process or order to produce same in an action other than this action, or concludes that he or she has an obligation to produce another Disclosing Party's documents, testimony, information or physical objects to supplement a response to document requests or subpoena served prior to the effective date of this Order in an action other than this action, he or she shall:

(a)    promptly, but within fourteen days of service or the decision to supplement, notify in writing the attorneys of record for the relevant Disclosing Party;

(b)    promptly, but within fourteen days, furnish such attorney or Disclosing Party with a copy of the subpoena or other judicial process or order and any relevant Protective Order; and

(c)    cooperate with all reasonable and lawful requests by the Disclosing Party whose interests may be affected.

If, after notice, the Disclosing Party fails to make a motion to quash or modify the subpoena or other process or order within 30 days of receiving the notice provided by Paragraph 36(a), or if such motion is made but denied, the Party responding to such subpoena, document request or other judicial process or order shall be entitled to comply with such subpoena or other judicial process or order. Prior to the expiration of the time period in which the Disclosing Party may move to quash or modify the subpoena, the scope of the document requests, or other process or

1
2
3
4
5
6
7
order, no documents shall be produced by the Party receiving the subpoena, document requests or other judicial process.  If a motion to quash or modify is filed by the Disclosing Party, no documents shall be produced by the Party receiving the subpoena, document requests, or other judicial process or order, until the motion is ruled on by the court.  Any document produced shall be produced at an equivalent level of protection as that provided by this Protective Order, absent a court order to the contrary, or written agreement of the Disclosing Party. Nothing herein shall be deemed to require a Party to disobey or violate any order or law.

8
9
10
11
12
13
14
37.    Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action based on "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" documents, testimony, information, or physical objects (or portion thereof) in rendering such advice, provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

15
16
17
18
19
38.    This Protective Order is being entered without prejudice to the right of any Party or third party to move the Court for modification of or relief from any of its terms, or to seek protections in addition to those provided herein with respect to any specific confidential, proprietary or trade secret information.

20
SO STIPULATED

21
22
23
24
25
26
27
28

1

2    Dated:  December 4, 2007

3

4

5

6

7

8

9

10

11

12

13

14

15    Dated: December 4, 2007

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           /s/ George Summerfield
W. CLAY DEANHARDT (Bar No. 160653)
Email:  clay@deanhardtlaw.com
LAW OFFICE OF CLAY DEANHARDT
21-C Orinda Way, #374
Orinda, CA  94563
Telephone: (925) 258-9079
Facsimile:  (925) 885-2478

GEORGE C. SUMMERFIELD
Email:  gstadlaw@aol.com
JOSEPH A. GREAR (admitted *pro hac vice*)
Email:  jstadlaw@aol.com
KEITH A. VOGT (admitted *pro hac vice*)
Email: keithvogt@aol.com
STEVEN R. PEDERSEN (admitted *pro hac vice*)
STADHEIM & GREAR, LTD.
400 North Michigan Avenue, Suite 2200
Chicago, IL 60611
Telephone:  (312) 755-4400
Facsimile:  (312) 755-4408

Attorneys for Plaintiff
ALBERTA TELECOMMUNICATIONS
RESEARCH CENTRE d/b/a TR LABS

                                         /s/ Yen Nguyen
DAVID J. HEALEY (admitted *pro hac vice*)
Email:  david.healey@weil.com
ANITA E. KADALA (admitted *pro hac vice*)
Email:  anita.kadala@weil.com
WEIL, GOTSHAL & MANGES LLP
Houston Office
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

YEN P. NGUYEN (Bar No. 239095)
E-Mail:  titi.nguyen@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG SEMICONDUCTOR, INC.

1

2    Filer's Attestation:

3        Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

4    penalty of perjury that concurrence in the filing of this Stipulated Proposed Protective Order has

5    been obtained from George C. Summerfield.

6    Dated:  December 4, 2007                    WEIL, GOTSHAL & MANGES LLP

7                                               By: /s/ Yen Nguyen_____
                                                    Yen P. Nguyen
8
                                               Attorneys for
9                                              SAMSUNG ELECTRONICS CO., LTD. and
                                               SAMSUNG SEMICONDUCTOR, INC.
10

11

12

13

14

15

16

17   IT IS SO ORDERED:

18   DATED: _____December 12_____, 2007    _____
                                               Hon. Richard Seeborg
19                                             United States Magistrate Judge

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, | Case No. C07 02416 RMW |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC., | Honorable Ronald M. Whyte |
| Defendants. | |

I, _____, declare as follows:

1.    Attached hereto as Exhibit 1 is a true and accurate copy of my current resume and/or *curriculum vitae*.

2.    I have received a copy of the Protective Order in this action.  I have read and understand the provisions of the Protective Order and will comply with all provisions of the Protective Order.

3.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order to receive such document, testimony, information, or physical object (or portion thereof) and will use only for permitted purposes, any "CONFIDENTIAL" document, testimony, information, or physical object (or portion thereof) that is disclosed to me.

4.    I will advise any necessary support staff of mine of the nature of any "CONFIDENTIAL" document, testimony, information, or physical object (or portion thereof) that I disclose to such support staff and will be responsible for assuring that such support staff complies with the same obligations of confidentiality to which I am hereby agreeing.

5.    I will return any "CONFIDENTIAL" document, testimony, information, or physical object (or portion thereof) that comes into my possession, including documents or things

EXHIBIT A TO PROTECTIVE ORDER

SV1:\283240\02\62JS02!.DOC\71868.0003

that I prepare relating to this information, to counsel for the Party by whom I am employed or retained or who has asked me to sign this agreement.

6.    I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2007 at _____.


_____
Signature

_____
Name

_____
Address

1

**EXHIBIT B**

2

3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

4

5

ALBERTA TELECOMMUNICATIONS
RESEARCH CENTRE d/b/a TR LABS,

Case No. C07 02416 RMW

6

Plaintiff,

**[PROPOSED] PROTECTIVE ORDER**

7

v.

8

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG SEMICONDUCTOR, INC.,

9

Honorable Ronald M. Whyte

Defendants.

10

11

12

I, _____, declare as follows:

13

    1.     Attached hereto as Exhibit 1 is a true and accurate copy of my current resume

14

and/or *curriculum vitae*.

15

    2.     I have received a copy of the Protective Order in this action.  I have read and

16

understand the provisions of the Protective Order and will comply with all provisions of the

17

Protective Order.

18

    3.     I certify I am not involved in "competitive decision-making" as that term is used in

19

*Brown Bag Software v. Symnatec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

20

    4.     I will hold in confidence, will not disclose to anyone not qualified under the

21

Protective Order to receive such information, and will use only for permitted purposes, any

22

"CONFIDENTIAL" and "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL"

23

document, testimony, information, or physical object (or portion thereof) that is disclosed to me.

24

25

26

27

28

5.    I will advise any necessary support staff of mine of the nature of any "CONFIDENTIAL" and "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL" document, testimony, information, or physical object (or portion thereof) that I disclose to such support staff and will be responsible for assuring that such support staff complies with the same obligations of confidentiality to which I am hereby agreeing.

6.    I will return any "CONFIDENTIAL" and "SPECIAL CONFIDENTIAL"/ "HIGHLY CONFIDENTIAL" document, testimony, information, or physical object (or portion thereof) that comes into my possession, including documents or things that I prepare relating to this information, to counsel for the Party by whom I am employed or retained or who has asked me to sign this agreement.

7.    I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2007 at _____.


_____
Signature

_____
Name

_____
Address

**EXHIBIT C**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG SEMICONDUCTOR, INC.,<br><br>Defendants. | Case No. C07 02416 RMW<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br><br><br>Honorable Ronald M. Whyte |

I, _____, declare as follows:

    1.    Attached hereto as Exhibit 1 is a true and accurate copy of my current resume and/or *curriculum vitae*.

    2.    I have received a copy of the Protective Order in this action.  I have read and understand the provisions of the Protective Order and will comply with all provisions of the Protective Order.

    3.    I certify I am not involved in "competitive decision-making" as that term is used in *Brown Bag Software v. Symnatec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

    4.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order to receive such information, and will use only for permitted purposes, any "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," and/or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information, or physical object (or portion thereof) that is disclosed to me.

5.      I will advise any necessary support staff of mine of the nature of any "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," and/or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information, or physical object (or portion thereof) that I disclose to such support staff and will be responsible for assuring that such support staff complies with the same obligations of confidentiality to which I am hereby agreeing.

6.      I will return any "CONFIDENTIAL," "SPECIAL CONFIDENTIAL"/"HIGHLY CONFIDENTIAL," and/or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" document, testimony, information, or physical object (or portion thereof) that comes into my possession, including documents or things that I prepare relating to this information, to counsel for the Party by whom I am employed or retained or who has asked me to sign this agreement.

7.      I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2007 at _____.


_____
Signature

_____
Name

_____
Address

EXHIBIT C TO PROTECTIVE ORDER

Case No. C07 02416 RMW (RS)
DOCS #283240